CT Corporation

**Service of Process Transmittal**
08/03/2015
CT Log Number 527582503

TO:     Mary Anne Hilliard
        Children's Hospital
        2233 Wisconsin Ave NW Ste 317
        Washington, DC 20007-4104

RE:     **Process Served in District of Columbia**

FOR:    CHILDREN'S NATIONAL MEDICAL CENTER (Domestic State: DC)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | John Doe, etc., Pltf. vs. Children's National Medical Center, Dft. |
| **DOCUMENT(S) SERVED:** | Letter, Complaint, Summons, Attachment(s), Information Sheet(s), Initial Order, Addendum, Interrogatories, Request |
| **COURT/AGENCY:** | In the Superior Court for the District of Colombia, CO<br>Case # 2015CA005685M |
| **NATURE OF ACTION:** | Medical Injury - Improper Care and Treatment - March 31, 2007 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Washington, DC |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 08/03/2015 postmarked on 07/29/2015 |
| **JURISDICTION SERVED:** | District of Columbia |
| **APPEARANCE OR ANSWER DUE:** | Within 20 days after service |
| **ATTORNEY(S) / SENDER(S):** | Kathleen Howard<br>Lliff, Meredith, Wildberger & Brennan, P.C.<br>8055 Ritchie Highway<br>Pasadena, MD 21122<br>410-685-1166 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  Fed Ex 2 Day , 781097114266<br>Email Notification, Nica Roberts NRoberts@childrensnational.org<br>Email Notification, Rebecca Cady rcady@childrensnational.org<br>Email Notification, Andress Green AdGreen@ChildrensNational.org |
| **SIGNED:**<br>**ADDRESS:** | C T Corporation System<br>1015 15th Street, N.W.<br>Suite 1000<br>Washington, DC 20005 |
| **TELEPHONE:** | 202-572-3133 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information con[...] themselves. Recipient is responsible [...] documents and for taking appropriat[...] certified mail receipts confirm recei[...] contents.

EXHIBIT A

# ILIFF, MEREDITH, WILDBERGER & BRENNAN, P.C.
### ATTORNEYS AT LAW
PATRIOTS PLAZA, SUITE 201-203
8055 RITCHIE HIGHWAY
PASADENA, MARYLAND  21122

TELEPHONE 410-685-1166

FACSIMILE 410-685-1233

Of Counsel
Charles E. Iliff, Jr.

Kathleen Howard Meredith

July 29, 2015

CERTIFIED MAIL
RETURN RECEIPT REQUESTED

CT Corporation Systems
1015 15th Street, N.W., Suite 1000
Washington, DC 20005

> Re:   John Doe, by Neil and Anna Lynn Parris, his parents and
> next friends v. Children's National Medical Center
> Civil Action No. 2015 CA 005685 M

Gentlemen:

Enclosed please find the Complaint and Election of Jury Trial, Writ of Summons, Civil Division Information Sheet, Initial Order and Addendum, Interrogatories and Request for Production of Documents.  Please forward these items as appropriate. Please call should you have any questions.

Very truly yours,

Kathleen Howard Meredith

KHM/saj
Encls.

Filed
D.C. Superior Court
07/28/2015 15:80AM
Clerk of the Court

IN THE SUPERIOR COURT
FOR THE DISTRICT OF COLUMBIA
(Civil Division)

| | | |
|---|---|---|
| JOHN DOE, by Neil and Anna Lynn Parris, his parents and next friends | * | CIVIL ACTION |
| 1069 Sun Valley Drive Annapolis, MD 21049 | * | |
| | * | NO: 2015 CA 005685 M |
| Plaintiffs | * | |
| v. | * | |
| CHILDREN'S NATIONAL MEDICAL CENTER | * | |
| 111 Michigan Avenue, N.W. Washington, DC 20010-2975 | * | |
| | * | |
| Serve on: CT Corporation Systems 1015 15th Street, N.W. Suite 1000 Washington, DC 20005 | * | |
| | * | |
| Defendant | * | |

* * * * * * * * * * *

## COMPLAINT AND ELECTION OF JURY TRIAL

John Doe, by his parents and next friends, Neil and Anna Lynn Parris, bring this action against the Defendant, Children's National Medical Center ("CNMC"), by and through their attorneys, Kathleen Howard Meredith, David J. Wildberger, and Iliff, Meredith, Wildberger & Brennan, P.C., and for reasons, state:

1.     That at all times relevant to this litigation, Children's National Medical Center ("CNMC"), was a health care entity regularly conducting business in the District

of Columbia and holding itself out as a provider of health care through its agents, servants, and employees.

2.     At all times relevant hereto, CNMC owed a duty to members of the public, such as John Doe, to provide medical care and treatment through its actual and apparent agents, servants, and employees, in a reasonable manner and consistent with prevailing standards of care.

3.     Neil and Anna Lynn Parris, are the parents of the minor Plaintiff, John Doe.

4.     Jurisdiction in this matter is appropriate in the Superior Court for the District of Columbia, pursuant to D.C. Code, §11-921. Plaintiffs have complied with the notice requirement set forth in §16-2802 of the D.C. Code.

5.     John Doe was born on ███████ at Anne Arundel Medical Center in Annapolis, Maryland. He was a full term infant who was assigned Apgars of 6 and 7. Shortly following delivery, he developed tachypnea (a rapid breathing pattern) and retractions (abnormal movements of the chest wall associated with difficulty breathing). John Doe was rapidly diagnosed with a congenital diaphragmatic hernia ( a defect in the diaphragm that allows the abdominal organs to move into the chest and restrict movement of the lungs.) A decision was made to transfer John Doe from Anne Arundel Medical Center to CNMC for surgical correction of the hernia.

6.     John Doe was admitted to CNMC on March 25, 2007 at 12:15 p.m.

Following admission to CNMC, John Doe did well. He was stabilized over the course of several days and scheduled for surgery to repair the diaphragmatic hernia on March 30, 2007.

7.     On March 30, 2007, surgery was performed to correct John Doe's congenital diaphragmatic hernia. During surgery, the surgeons were able to identify the hernia. The small bowel, colon, and spleen were all in the chest above the level where they should have been. The small bowel, colon, and spleen were all successfully replaced to the correct location and the defect in the diaphragm was surgically repaired. Post-surgery, John Doe had two healthy viable lungs, both of which expanded well. In short, the surgical procedure was a complete success.

8.     At approximately 04:30 on the first post-operative day, March 31, 2007, a peripherally inserted central catheter (PICC line) was placed through the left saphenous vein by Ann M. Casto, R.N. with an insertion length of 37 cm.

9.     A PICC line is a long, slender flexible tube or catheter that is inserted into a peripheral vein, in this case the left saphenous vein, and is thereafter advanced towards the heart. PICC lines are used to administer feeds, fluids, and medications into the blood stream. It is alleged that a properly placed PICC line should be advanced through the saphenous vein until it comes to rest in the inferior vena cava approximately two centimeters outside the right atrium of the heart. As required by the standard of care, proper position of the tip of the PICC line in the inferior vena cava and outside the heart

must be verified by x-ray prior to the administration of feeds, fluids or medications through the line.

10.   At approximately 04:38 on March 31, 2007, a chest x-ray was obtained to locate the tip of John Doe's PICC line. According to the report of the chest x-ray, the catheter tip was located at the "level of T-6" indicating that the PICC line had been advanced too far and that the tip of the PICC line had come to rest inside John Doe's heart.

11.   A follow up note written by Ann M. Casto, R.N. at 05:00 on March 31, 2007 states that the catheter tip had been identified in the right atrium of the heart and that she had repositioned the catheter by pulling it back 2.5 cm.

12.   At approximately 06:00 on March 31, 2007, before a repeat x-ray was taken to confirm proper position of the catheter tip, total parenteral nutrition (TPN) was begun through John Doe's PICC line at a continuous rate of 11.5 ml per hour. At approximately 09:00 on March 31, 2007, before a repeat x-ray was taken to confirm proper position of the catheter tip, normal saline was begun through John Doe's PICC line at a continuous rate of 5.5 ml per hour.

13.   At 11:25 on March 31, 2007, a chest x-ray was belatedly done to evaluate "post-line adjustment" of the PICC line and to confirm proper position of the catheter tip. According to the report of this imaging study, "tubes and lines are unchanged." In other words, the chest x-ray indicated that the tip of the PICC line remained improperly

positioned within John Doe's heart. Despite x-ray confirmation of improper placement, no steps were taken to further adjust the location of the PICC line catheter tip.

14.    At approximately 1600 hours on March 31, 2007, the rate of normal saline administered through John Doe's improperly placed PICC line was decreased to 2.4 ml per hour.

15.    At approximately 20:00 on March 31, 2007, the rate of TPN administered through John Doe's improperly placed PICC line was increased to the rate of 15 ml per hour.

16.    On April 1, 2007, another chest x-ray was done at 0653 hours. The report of this film contains no comment on placement of the PICC line, although it is alleged that the tip of the PICC line remained improperly positioned within John Doe's heart.

17.    On April 1, 2007 at 1400 hours, John Doe was extubated. At the same time, he received a bolus of 45 ml of normal saline through the improperly placed PICC line.

18.    Approximately 20 minutes later, John Doe's blood pressure fell. In response, another bolus of normal saline was ordered and administered through the improperly placed PICC line.

19.    John Doe's blood pressure continued to fall as did his heart rate and oxygen saturations. John Doe began to turn blue and experienced a cardiopulmonary arrest at approximately 15:00 on April 1, 2007.

20.    A code was called and resuscitation efforts began at 15:00.  During the code, John Doe continued to receive medications and fluids through the improperly placed PICC line, but continued to decompensate.  Shortly before 15:26, a chest x-ray was performed and was reported to show the tip of the PICC line in a "high" position within the heart.  At approximately 15:26 hours, an echocardiogram was performed and showed a large pericardial effusion (a fluid collection around the heart) that was compressing on John Doe's heart and impairing heart function.

21.    Immediately after the pericardial effusion was identified around the heart, a pericardiocentesis was performed.  This procedure involved insertion of a needle into John Doe's pericardium (the sac enveloping the heart), and the removal of 24 ml of fluid.

22.    Following the pericardiocentesis, John Doe's blood pressure and heart rate rapidly normalized.

23.    At 15:45 hours on April 1, 2007, the PICC line was again pulled back.  Per the medical record, the PICC line had been in the "right atrium versus left atrium" and was repositioned and pulled back another 4.5 cm to 30 cm by Carol Hennessy, R.N.

24.    A follow up chest x-ray confirmed that the tip of the PICC line was properly placed and was resting in the inferior vena cava.

25.    The PICC line was pulled back a total of 7 cm from the time of original placement until the time the tip of the PICC line was belatedly confirmed to be in

proper place in the inferior vena cava.

26.   It is alleged that John Doe's pericardial effusion caused cardiac tamponade (pressure on the heart resulting from a build up of fluid around the heart) and directly caused his cardiopulmonary collapse and cardiac arrest.  It is further alleged that John Doe's pericardial effusion resulted directly from the improper placement of John Doe's PICC line and from a failure to correct the improper placement of the PICC line prior to use of the line for the administration of feeds, fluids and medications.  Specifically, it is alleged that the tip of John Doe's PICC line came into contact with and eroded the vascular wall of his heart, allowing for infusion of feeds and fluids into the pericardial sac, thereby creating the large pleural effusion, which in turn resulted in cardiac tamponade and cardiopulmonary collapse.

27.   Although John Doe's heart rate and pulmonary function were eventually restored following aspiration of the pericardial effusion, he suffered irreversible anoxic brain injury as a result of the sequence of events set forth above.

28.   Children's National Medical Center, through the acts and omissions of its actual and apparent agents, servants, and employees, was negligent and breached prevailing standards of medical care through the following acts and omissions:

(a)    failed to confirm proper placement of the tip of the PICC line in the inferior vena cava prior to the administration of TPN, fluids and medications through the line;

- 7 -

        (b)     administered TPN, fluids and medications through the PICC line at a time when they knew or reasonably should have known that the tip of the PICC line was inside John Doe's heart;

        (c)     failed to reposition the PICC line in the inferior vena cava despite several "post line adjustment" chest x-rays which showed that the position of the catheter tip was "unchanged" and thus still within John Doe's heart;

        (d)     continued to administer TPN, fluids and medications through the PICC line despite x-ray evidence that the tip of the PICC line was inside John Doe's heart;

        (e)     and was otherwise negligent.

29.    But for the negligence of the agents, servants and employees of CNMC, John Doe would not have suffered a pericardial effusion and consequent cardiopulmonary collapse and would not have suffered permanent and irreversible brain injury.

30.    As a consequence of the negligence of the agents, servants and employees of CNMC, John Doe has and will suffer significant damages including, but not limited to pain, suffering, emotional distress, mental anguish, loss of enjoyment of life, loss of opportunities, loss of cognitive function, past, present and future medical and life care expenses, and loss of future employment opportunities and future income.

WHEREFORE, Plaintiffs demand $10,000,000.00.

### ELECTION OF JURY TRIAL

Plaintiff, by and through counsel, elects to have this case tried before a jury.

                                 /s/

Kathleen Howard Meredith
District of Columbia Bar No. 422130
David J. Wildberger
District of Columbia Bar No. 444897
Iliff, Meredith, Wildberger & Brennan, P.C.
Patriots Plaza, Suite 201-203
8055 Ritchie Highway
Pasadena, MD 21122
(410) 685-1166
Attorneys for Plaintiffs

- 9 -



**Superior Court of the District of Columbia**
**CIVIL DIVISION**
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Telephone: (202) 879-1133

John Doe, by Neil and Anna Lynn Parris, his
parents and next friends
                                                    Plaintiff

vs.                                                    Case Number   **2015 CA 005685 M**

Children's National Medical Center
                                                    Defendant

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Kathleen Howard Meredith
Name of Plaintiff's Attorney

8055 Ritchie Highway, Suite 201                    Clerk of the Court
Address
Pasadena, MD 21122                                  By

410-685-1166                                        Date    **07/28/2015**
Telephone
如需翻译, 请打电话 (202) 879-4828   Veuillez appeler au (202) 879-4828 pour une traduction   Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시요.   ʾk">ʾ ">ʾ ">ʾ >ʾ (202) 879-4828 ">ʾ">ʾ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, *DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME*.

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

FORM SUMMONS - Jan. 2011

CASUM.doc



## TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA
### DIVISIÓN CIVIL
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Teléfono: (202) 879-1133

_____
Demandante

contra                                    Número de Caso: _____

_____
Demandado

## CITATORIO

Al susodicho Demandado:

Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veinte (20) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que Usted le entregue al demandante una copia de la Contestación o en el plazo de cinco (5) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

_____          SECRETARIO DEL TRIBUNAL
Nombre del abogado del Demandante

                                          Por: _____
_____                    Subsecretario
Dirección

_____          Fecha: _____
Teléfono
如需翻译，请打电话 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction    Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828로 전화하십시오.     የትርጉም እርዳታ ከፈለጉ (202) 879-4828 ይደውሉ

IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO, O SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍAN RETENERLE SUS INGRESOS, O PODRÍAN TOMAR SUS BIENES PERSONALES O RAÍCES Y VENDERLOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, _NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO._

Si desea conversar con un abogado y le parece que no puede afrontar el costo de uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse de otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original

CASUM.doc

# Superior Court of the District of Columbia

CIVIL DIVISION- CIVIL ACTIONS BRANCH
INFORMATION SHEET

John Doe, by Neil and Anna
Lynn Parris, parents & next friends   Case Number: **2015 CA 005685 M**

vs

Date: **7/27/15**

Children's National Medical Center   ☐ One of the defendants is being sued in their official capacity.

| Name: *(Please Print)* | Relationship to Lawsuit |
|---|---|
| Kathleen Howard Meredith | ☒ Attorney for Plaintiff |
| Firm Name: | ☐ Self (Pro Se) |
| Iliff, Meredith, Wildberger & Brennan, P.C. | |
| Telephone No.:        Six digit Unified Bar No.: | ☐ Other: |
| 410-685-1166 | |

TYPE OF CASE:   ☐ Non-Jury   ☒ 6 Person Jury   ☐ 12 Person Jury

Demand: $ **10,000,000.00**        Other:

PENDING CASE(S) RELATED TO THE ACTION BEING FILED

Case No.:                Judge:                Calendar #:

Case No.:                Judge:                Calendar #:

**NATURE OF SUIT:**    *(Check One Box Only)*

### A. CONTRACTS                                        COLLECTION CASES

☐ 01 Breach of Contract          ☐ 07 Personal Property         ☐ 14 Under $25,000 Pltf. Grants Consent
☐ 02 Breach of Warranty          ☐ 09 Real Property-Real Estate ☐ 16 Under $25,000 Consent Denied
☐ 06 Negotiable Instrument       ☐ 12 Specific Performance      ☐ 17 OVER $25,000 Pltf. Grants Consent
☐ 15 Special Education Fees      ☐ 13 Employment Discrimination ☐ 18 OVER $25,000 Consent Denied
☐ 10 Mortgage Foreclosure

### B. PROPERTY TORTS

☐ 01 Automobile                  ☐ 03 Destruction of Private Property   ☐ 05 Trespass
☐ 02 Conversion                  ☐ 04 Property Damage                    ☐ 06 Traffic Adjudication
☐ 07 Shoplifting, D.C. Code § 27-102 (a)

### C. PERSONAL TORTS

☐ 01 Abuse of Process            ☐ 09 Harassment                ☐ 17 Personal Injury- (Not Automobile,
☐ 02 Alienation of Affection     ☐ 10 Invasion of Privacy              Not Malpractice)
☐ 03 Assault and Battery         ☐ 11 Libel and Slander         ☐ 18 Wrongful Death (Not Malpractice)
☐ 04 Automobile- Personal Injury ☐ 12 Malicious Interference    ☐ 19 Wrongful Eviction
☐ 05 Deceit (Misrepresentation)  ☐ 13 Malicious Prosecution     ☐ 20 Friendly Suit
☐ 06 False Accusation            ☐ 14 Malpractice Legal         ☐ 21 Asbestos
☐ 07 False Arrest                ☒ 15 Malpractice Medical (Including Wrongful Death)  ☐ 22 Toxic/Mass Torts
☐ 08 Fraud                       ☐ 16 Negligence- (Not Automobile,   ☐ 23 Tobacco
                                      Not Malpractice)              ☐ 24 Lead Paint

SEE REVERSE SIDE AND CHECK HERE ☐ IF USED

CV-496/Jun 13

# Information Sheet, Continued

**C. OTHERS**

- [ ] 01 Accounting
- [ ] 02 Att. Before Judgment
- [ ] 04 Condemnation (Emin. Domain)
- [ ] 05 Ejectment
- [ ] 07 Insurance/Subrogation Under $25,000 Pltf. Grants Consent
- [ ] 08 Quiet Title
- [ ] 09 Special Writ/Warrants (DC Code § 34-941)

- [ ] 10 T.R.O./ Injunction
- [ ] 11 Writ of Replevin
- [ ] 12 Enforce Mechanics Lien
- [ ] 16 Declaratory Judgment
- [ ] 17 Merit Personnel Act (OEA) (D.C. Code Title 1, Chapter 6)
- [ ] 18 Product Liability
- [ ] 24 Application to Confirm, Modify, Vacate Arbitration Award (DC Code § 16-4401)

- [ ] 25 Liens: Tax/Water Consent Granted
- [ ] 26 Insurance/ Subrogation Under $25,000 Consent Denied
- [ ] 27 Insurance/ Subrogation Over $25,000 Pltf. Grants Consent
- [ ] 28 Motion to Confirm Arbitration Award (Collection Cases Only)
- [ ] 29 Merit Personnel Act (OHR)
- [ ] 30 Liens: Tax/ Water Consent Denied
- [ ] 31 Housing Code Regulations
- [ ] 32 Qui Tam
- [ ] 33 Whistleblower
- [ ] 34 Insurance/Subrogation Over $25,000 Consent Denied

---

**II.**

- [ ] 03 Change of Name
- [ ] 06 Foreign Judgment
- [ ] 13 Correction of Birth Certificate
- [ ] 14 Correction of Marriage Certificate

- [ ] 15 Libel of Information
- [ ] 19 Enter Administrative Order as Judgment [D.C. Code § 2-1802.03 (h) or 32-1519 (a)]
- [ ] 20 Master Meter (D.C. Code § 42-3301, et seq.)

- [ ] 21 Petition for Subpoena (Rule 28-I (b))
- [ ] 22 Release Mechanics Lien
- [ ] 23 Rule 27(a) (1) (Perpetuate Testimony)
- [ ] 24 Petition for Structured Settlement
- [ ] 25 Petition for Liquidation

_____
Attorney's Signature

_7/27/15_____
Date



# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

NEIL PARRIS et al
   Vs.                                                C.A. No.       2015 CA 005685 M
CHILDREN'S NATIONAL MEDICAL CENTER

## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once,** with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each Judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

Chief Judge Lee F. Satterfield

Case Assigned to: Judge RONNA L BECK
Date:  July 28, 2015
Initial Conference: 9:30 am, Friday, October 30, 2015
Location:  Courtroom 219
           500 Indiana Avenue N.W.

Caio.doc

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www.dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 2900, 410 E Street, N.W. Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Lee F. Satterfield

Caio.doc

IN THE SUPERIOR COURT
FOR THE DISTRICT OF COLUMBIA
(Civil Division)

| | | |
|---|---|---|
| JOHN DOE, by Neil and Anna Lynn Parris, his parents and next friends 1069 Sun Valley Drive Annapolis, MD 21049 | * * * | CIVIL ACTION |
| | | |
| Plaintiffs | * | NO.  2015 CA 005685 M |
| | | |
| v. | * | JUDGE RONNA L. BECK |
| | | |
| CHILDREN'S NATIONAL MEDICAL CENTER 111 Michigan Avenue, N.W. Washington, DC 20010-2975 | * * * | |
| | | |
| Serve on:   CT Corporation Systems 1015 15th Street, N.W. Suite 1000 Washington, DC 20005 | * * | |
| | | |
| Defendant | * | |

\* \* \* \* \* \* \* \* \* \* \*

## INTERROGATORIES

TO:   CHILDREN'S NATIONAL MEDICAL CENTER

BY:   NEIL AND ANNA LYNN PARRIS, Parents and Next Friends of
JOHN DOE

These Interrogatories are propounded pursuant to the Rules of Procedure which require that they be signed and answered under oath.  Where the name or identity of a person is requested, please state the full name and home and business address.  Unless otherwise indicated, these Interrogatories refer to the time, place and circumstances of the occurrence or accident mentioned or complained of in the pleadings.  Knowledge or information of a party shall include that of the party's agent, representatives and, unless privileged, attorneys.  These Interrogatories are continuing in character, so as to require

you to file supplemental answers if you obtain further or different information before trial.

1.     State the full name title and business address of the individual answering these Interrogatories and attach a copy of that individual's curriculum vitae to these Answers.

2.     The Defendant is to state the name and professional address of each expert who may be called at the hearing and/or trial hereof, attaching to these Answers copies of each expert's curriculum vitae, as well as copies of all reports received.  Further, the Defendant is to indicate the specialty and/or sub specialty of each expert named.  With respect to each and every expert named, the Defendant is to state in detail the subject matter on which each such witness will testify, the substance of the facts considered and opinions held by each such expert, and the ground and/or basis for each opinion.

3.     State the name and address of all persons from whom you have written, signed or recorded statements regarding the facts involving the instant claim, attaching to these Answers a copy of any such statement.

4.     Identify each and every written statement, document, report, record or writing relevant to this case, setting forth subject matter, as well as the name and address of the present custodian.

5.     Does the Defendant contend that any other health care provider, professional association, corporation, partnership, or other business association or other entity, whether or not a defendant herein, was negligent and/or caused and/or

- 2 -

contributed to the cause of the injuries or damages claimed herein? If so, state the name and address of each such health care provider setting forth in detail the basis for your contention.

6.     State the name, address and telephone number of any and all individuals who have any personal knowledge whatsoever of the facts involved in this case, and describe the area of knowledge of facts involved in this case possessed by each such individual.

7.     Identify and give the substance of each and every statement, action, or admission against interest, declaration against interest, or otherwise, whether oral, written, by conduct, silence, an act or omission of admission or commission, or otherwise which you contend was made by Anna Lynn Parris or Neil Parris or any person on their behalf, or any member of their family. Give the name, address, telephone number and occupation of each person who has personal knowledge of such conduct or the making of each such statement. State the place, date, time and in whose presence each act or statement was made.

8.     State the name, address, and telephone number of the insurance carriers that have an obligation to provide professional negligence liability coverage to the Defendant for the conduct set forth in the complaint. State further whether this is excess insurance coverage which would afford additional protection to Defendant. State also the period of all such policies. If such coverage overlapped at any time involved,

this Defendant is to state further all information requested with respect to each insurance carrier. The Defendant is to state the limit of liability in effect for each applicable policy and is to further indicate any exclusion under the policy which is or may be applicable to the instant claim, setting forth the precise language of each exclusion, the facts upon which you contend any exclusion is or may be applicable, attaching a copy of any related policy. If any insurance policy/coverage was suspended, continued or canceled at any time (prior to, during and subsequent to the time the Defendant treated John Doe), set forth the name of the insurance carrier, date of suspension, condition, cancellation, etc. and the reasons for same.

9.      Describe in precise detail the nature of the professional or business relationship between the Defendant and each of the following individuals as of April 1, 2007: Melanie B. Levin, M.D.; Allie T. Allawai, M.D.; Anne Costo, R.N.; Carole Hennessey, R.N.; Darlene Bromlene, R.N.; Todd Ponsky, M.D.; and Stephen Baumgart, M.D., and please specify when the Defendant's relationship with each of these individuals began, how and when the relationship with each individual changed over time, and describe the current status of any such relationship.

10.     Provide the name, job title, and last known residence or business address of each and every health care provider who participated in any aspect of medical care and treatment provided to John Doe at Children's National Medical Center on April 1, 2007. Please note that "see the medical records of John Doe" is not a sufficient response

to this Interrogatory as the information sought is not discernable or available from review of the medical records.

11.    State whether an incident report or other report (other than as contained in the medical chart of John Doe) was prepared at or near the time of John Doe's cardiopulmonary arrest on April 1, 2007, and state the author or authors of such report, for whom such report was prepared, and the current custodian of any such report.

12.    Describe in detail and with particularity any and all manuals, protocols, handbooks, collection of orders, memoranda, regulations, guidelines, policies, instructions, and/or other documents generated, maintained, and/or followed by Defendant's health care providers and/or other documents generated, maintained, and/or followed by Defendant's health care providers in March and April of 2007 with regard to the placement and management of PICC lines in neonates.

13.    Identify and give the substance of each and every statement, action, or admission against interest, declaration against interest, or otherwise, whether oral, written, by conduct, silence, or act or omission or commission, or otherwise, which you contend was made by Neil Parris or Anna Lynn Parris, or any other person on John Doe's behalf, or any member of his family.  Give the name, address, telephone number, and occupation of each person who has personal knowledge of such conduct or the making of each such statement.  State the place, date, time, and in whose presence each act or statement was made.

- 5 -

14.   Does the Defendant concede that the chest x-ray performed on John Doe on March 31, 2007 at 04:38 demonstrates that the tip of the PICC line was then resting inside John Doe's heart. If the Defendant does not make this concession, the Defendant is to state its contention as to where the tip of the PICC line was located at the time of that image.

15.   Does the Defendant concede that the chest x-ray performed on John Doe on March 31, 2007 at 11:25 demonstrates that the tip of the PICC line was then resting inside John Doe's heart. If the Defendant does not make this concession, the Defendant is to state its contention as to where the tip of the PICC line was located at the time of that image.

16.   Does the Defendant concede that the chest x-ray performed on John Doe on April 1, 2007 at 15:23 demonstrates that the tip of the PICC line was then resting inside John Doe's heart. If the Defendant does not make this concession, the Defendant is to state its contention as to where the tip of the PICC line was located at the time of that image.

17.   Does this Defendant have any contention (to be expressed through expert witnesses or otherwise by any health care provider) as to the cause of John Doe's pericardial effusion on April 1, 2007.

18.   The Defendant is to state whether the fluid removed from John Doe's pericardial sac at the time of the pericardiocentesis was sent to the pathology lab for

- 6 -

analysis, and if so, is to describe the results of that analysis.

19.     Please describe in detail the appearance and physical characteristics of the fluid removed from John Doe's pericardial sac at the time of the pericardiocentesis on April 1, 2007.

20.     Identify each and every member of the cardiology team who participated in the performance of a cardiogram and the pericardiocentesis on John Doe on April 1, 2007.

_____/s/_____
Kathleen Howard Meredith
District of Columbia Bar No. 422130
David J. Wildberger
District of Columbia Bar No. 444897
Iliff, Meredith, Wildberger & Brennan, P.C.
Patriots Plaza, Suite 201-203
8055 Ritchie Highway
Pasadena, MD 21122
(410) 685-1166
Attorneys for Plaintiffs

IN THE SUPERIOR COURT
FOR THE DISTRICT OF COLUMBIA
(Civil Division)

| | | |
|---|---|---|
| JOHN DOE, by Neil and Anna Lynn Parris, his parents and next friends 1069 Sun Valley Drive Annapolis, MD 21049 | * * * * | CIVIL ACTION |
| Plaintiffs | * | NO.  2015 CA 005685 M |
| v. | * | JUDGE RONNA L. BECK |
| CHILDREN'S NATIONAL MEDICAL CENTER 111 Michigan Avenue, N.W. Washington, DC 20010-2975 | * * * | |
| Serve on:  . CT Corporation Systems 1015 15th Street, N.W. Suite 1000 Washington, DC 20005 | * * | |
| Defendant | * | |

\* \* \* \* \* \* \* \* \* \* \*

## REQUEST FOR PRODUCTION OF DOCUMENTS

TO:   CHILDREN'S NATIONAL MEDICAL CENTER

BY:   NEIL AND ANNA LYNN PARRIS, Parents and Next Friends of
        JOHN DOE

John Doe, by his Parents and Next Friends, Neil and Anna Lynn Parris, by their

attorneys, Kathleen Howard Meredith, David J. Wildberger, and Iliff & Meredith, P.C.,

requests the Defendant to respond to this Request for Production of Documents

pursuant to the provisions of District of Columbia Rules of Civil Procedure, and to

produce for inspection and/or copying the following documents at the offices of Plaintiffs' counsel.

1.   All medical records of any type whatsoever, including but not limited to laboratory data, reports, studies, nursing notes, physician orders, admission notes, discharge notes, operative reports, autopsy notes and/or reports, billing invoices, consultation notes, x-rays, referral slips, and any other documents or records of any type whatsoever, and whether or not generated by the Defendant, in the possession of this Defendant and pertaining to John Doe.

2.   Any and all statements concerning the pending action, including any statements of the parties herein, or their respective agents, servants or employees.

3.   Any and all reports, drafts of reports, memoranda, notes, records or any other documentation of any and all expert witnesses the Defendant intends to call at the trial of this matter.

4.   The curriculum vitae of any and all expert witnesses which the Defendant intends to call to testify at the trial of this matter.

5.   Any and all reports and/or notes of any investigation performed by a third party on behalf of any of the Defendants.

6.   Any and all books, articles, publications, depositions, journals, transcripts or other documents you contend relate to the standard of care applicable to the care and treatment in the instant case.

7.    A copy of any policy of liability insurance which is or may be applicable to the instant claim, including excess or umbrella policies.

8.    A copy of any and all incident reports which in any way reference medical care and/or treatment provided to John Doe.

9.    Any and all correspondence to or from Plaintiffs and concerning John Doe.

10.   Any and all reports, memoranda, notes, records, or any other written or electronic documentation created by any and all expert witnesses the Defendant hospital intends to call at the trial of this matter.

11.   All correspondence between the Defendant and any expert witnesses which the Defendant intends to call to testify in this matter.

12.   All billing records or invoices of any and all expert witnesses which the Defendant intends to call to testify at the trial of this matter and relating to this matter.

13.   All medical literature consulted, reviewed or considered by any and all expert witnesses (which the Defendant intends to call to testify at the trial of this matter) in review of this case whether or not specifically relied upon in formulating those opinions.

14.   All documents referred to in the Defendant's Answers to Interrogatories.

15.   All documents that this Defendant intends to designate as exhibits in a trial of this action.

16.   Any and all written reports or documents (other than as found in the

medical records of John Doe) prepared concerning any aspect of John Doe's care or treatment at Children's National Medical Center.

17.    Any and all manuals, protocols, handbooks, collection of orders, memoranda, regulations, guidelines, policies, instructions, and/or other documents generated, maintained, and/or followed by Defendant's health care providers in March and April of 2007 with regard to the placement and maintenance of PICC lines in neonates.

18.    The report of the echocardiogram performed during the course of the April 1, 2007 resuscitation which revealed a large pericardial effusion.

19.    Copies of any images from the April 1, 2007 echocardiogram performed during the resuscitation of John Doe.

20.    A copy of any pathology report or other report generated by the Defendant or any of its agents, servants, or employees with regard to the fluid removed from the pericardial sac at the time of the pericardiocentesis performed on John Doe on April 1, 2007.


_____/s/_____
Kathleen Howard Meredith
District of Columbia Bar No. 422130


- 4 -

                                        _____/s/_____
                                        David J. Wildberger
                                        District of Columbia Bar No. 444897
                                        Iliff, Meredith, Wildberger & Brennan, P.C.
                                        Patriots Plaza, Suite 201-203
                                        8055 Ritchie Highway
                                        Pasadena, MD 21122
                                        (410) 685-1166
                                        Attorneys for Plaintiffs

FIRST-CLASS MAIL
Hasler
07/30/2015
$08.330
ZIP 21122
011D11627608

*ILIFF, MEREDITH,*
*WILDBERGER & BRENNAN, P.C.*
ATTORNEYS AT LAW
PATRIOTS PLAZA, SUITE 201-203
8055 RITCHIE HIGHWAY
PASADENA, MARYLAND 21122

CERTIFIED MAIL
RETURN RECEIPT REQUESTED

CT Corporation Systems
1015 15th Street, N.W., Suite 1000
Washington, DC 20005

7011 2000 0002 4692 3223